STATE OF MAINE                    DONALD L. GARST...
LAW LIBRARY

JUL 17 2000                    SUPERIOR COURT
SOMERSET, ss.                                                     CIVIL ACTION
                                                                 Docket No. AP-99-018
                                                                 *E/IG - SOM - 7/11/2000*

ANN WILLIAMS, f/k/a
      ANN HILL,
Plaintiff,

v.                                                      ORDER ON APPEAL

ALLANSON HILL,
Defendant.


Allanson Hill appealed a District Court order denying a motion to reduce his child support (Carlson, CMO). In the brief he filed while representing himself, Mr. Hill argued that the court erred in determining that his earning capacity was $35,000 per year. He listed all of the evidence the court could have relied upon in determining that his income had decreased since 1997. In addition, Mr. Hill alleged that the court had erred in failing to provide credit for another support obligation he incurred. The court found that he was paying $50. for the support of that third child; Mr. Hill asserts that he has been ordered to pay $70 per week. No transcript of the proceeding was provided with the appeal. Mr. Hill filed a statement in lieu of transcript with the court on October 18, 1999. No objection was filed by the state.

During the nontestimonial hearing held July 5, 2000, Mr. Hill was represented by Warren Shay, Esq. Ms. Williams was represented by AAG Raymond Ritchie.

When he filed his motion to amend in February 1999, Mr. Hill attached a child support worksheet asserting that his income was only $15,000. However, the

1

child support affidavit he filed with that motion stated that he had earned $18,000 the previous year and expected to earn that much in 1999, also. From the court's order, as well as from Mr. Hill's brief, it appears that much of the evidence presented on June 3, 1999 related to the 1997 determination of earning capacity. In his 1997 order, Judge Anderson included a review of the tax returns prepared for Mr. Hill's veterinary practice during the years 1990 through 1995. Based upon the evidence presented to him, Judge Anderson found that:

> Dr. Hill has avoided transacting business other than on a cash basis because he owes arrearages to the Department of Human Services with regard to a child of another relationship, as well as the Internal Revenue Service, and he has sought to avoid paying these arrearages. This finding is based upon the testimony of former employee, Ellen Lonergan, as well as the Plaintiff, the validity of which the Court accepts.

> Based upon these consideration, the Court finds that Defendant is either underemployed with regard to the level of work he performs as a veterinarian, or does not report total receipts.

Mr. Hill did not appeal those findings.

In her decision, CMO Carlson correctly noted that Mr. Hill had the burden of demonstrating, by a preponderance of the evidence, that there had been a substantial change in circumstances since the 1997 order. 19-A M.R.S.A. § 2009. Based upon the evidence presented in June 1999, the court determined that Mr. Hill had failed to demonstrate that there had been a substantial change in his earning capacity. The court amended the support order only to reflect the current placement of the parties' son.

In response to that order, Mr. Hill requested findings of fact. CMO Carlson

2

denied that request, as Mr. Hill had asked for further explanation of the court'sfinding that "[he] earn[ed] $35,000/year." CMO Carlson correctly pointed out that she had not made such a finding. Although there was no request by the defendant for CMO Carlson to provide further findings concerning her determination that Mr. Hill's earning capacity was $35,000, Mr. Hill's brief demonstrates that he does not - or will not - distinguish between his self-reported earnings and his earning capacity.[1] While the CMO was not under any obligation to make further statements to support something she had not determined, the lack of a record, and the apparent lack of any exhibits (none were contained in the Superior Court file or in the "remainder" file graciously provided by the District Court), one finding explaining the court's determination that Mr. Hill is capable of earning $35,000 would be very helpful.

In the same notation on Mr. Hill's request for findings, CMO Carlson explained that she had determined the credit for support paid on behalf of another child from the testimony presented at trial. Although it does appear that finding was in error, it is an error in Mr. Hill's favor. Because he is not paying the support ordered, Mr. Hill is not entitled to receive credit for it against any other support order. 19-A M.R.S.A. § 2001(5)(E)

Based upon the record provided and the arguments presented, the court

---

[1]At the top of page 3 of her order, CMO Carlson indicated that she would have to determine "what his **gross income** is for purposes of calculating child support." (emphasis added) The language is clearly a scrivener's error, in light of the rest of the order, and correction will prevent any further misunderstandings.

3

remands the case to CMO Carlson with a request that she provide findings to explain her determination of Mr. Hill's earning capacity.

This Order is to be incorporated into the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: July 11, 2000

Ellen A. Gorman
Justice, Maine Superior Court

Date Filed __10/18/99__ ____Somerset_____ Docket No. __AP-99-018__
County

Action __Appeal from District Court____

**DONALD L. GARBRECHT**
**LAW LIBRARY**

**JUL 17 2000**

Ann Williams f/k/a
Ann Hill                                vs.    Allanson Hill

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Raymond Ritchie, AAG<br>6 State House Station<br>Augusta ME   04333-0006<br>Tel: #626-8800<br>Bar: #1722<br><br>Cynthia Banks – Department of<br>Human Services | Allanson Hill, Pro Se<br>PO Box 44<br>Palmyra ME   04965<br><br>Warren Shay, Esq.<br>PO Box 467<br>Skowhegan ME   04976<br>Tel: #474-9527<br>Bar: #190 |

| Date of Entry | |
|---|---|
| 10/19/99 | The following documents were received and filed 10/18/99 from the District Court #12 under Notice of Appeal:<br>1 – Divorce Decree with Child Support Worksheet<br>2 – Child Support Worksheets<br>3 – Child Support Order<br>4 – Child Support Affidavit<br>5 – Notice of Hearing<br>6 – Statement Concerning Public Assistance<br>7 – Affidavit Concerning Child Custody<br>8 – Motion to Amend Divorce Decree<br>9 – Two Child Support Worksheets<br>10– Motion for Post Judgment Relief<br>11– Child Support Order<br>12– Motion to Modify<br>13– Defendant's Child Support Affidavit<br>14– Plaintiff's Child Support Affidavit<br>15– Case Management Order<br>16– Court Alternative Dispute Resolution Service – Points of Agreement<br>17– Court Alternative Dispute Resolution Service – Domestic Relations<br>18– Letter filed to Judge Carlson from Allanson Hill<br>19– Order Modifying Divorce Judgment with attachments, child support order, child support worksheet, immediate income withholding order<br>20– Request for Findings of Fact<br>21– Request for Reconsideration<br>22– Request for Withdrawal of Request for Reconsideration<br>23– Defendant's Child Support Worksheet<br>24– Plaintiff's Child Support Worksheet<br>25– Immediate Income Withholding Order<br>26– Corrected Child Support Order<br>27– Notice of Appeal<br>28– Copy of Notice of Appeal<br>29– Letter from Raymond Ritchie, AAG<br>30– Statement in Lieu Transcript for Notice of Appeal<br>31– District Court Docket Entries |
| 10/20/99 | Notice and Briefing Schedule forwarded to Raymond Ritchie, AAG and Allanson Hill, Pro Se on this day. |